UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHARON M. HINES, ) ) ) Plaintiff, ) ) v. ) ) ELLIS NURSING HOME, INC., also known as ELLIS REHABILITATION AND NURSING CENTER, ) ) ) ) ) ) Defendant. ) ) ) ) ) ) ) ) ) ) | Case No. 23-cv-10874-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                  **November 14, 2023**

**I.   Introduction**

Plaintiff Sharon Hines ("Hines") has filed this lawsuit against Defendant Ellis Nursing Home, Inc. d/b/a Ellis Rehabilitation and Nursing Center ("Ellis Rehab") alleging a violation of Mass. Gen. L. c. 151B and 42 U.S.C. § 2000e *et seq.* (Count I), an equal protection claim under the U.S. Constitution (Count II) and substantive and procedural due process claims under the U.S. Constitution and the Massachusetts Declaration of Rights (Count III). D. 1-1 at 4-6. Ellis Rehab has moved to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). D. 9. For the reasons stated below, the Court ALLOWS the motion in part and DENIES it in part.

1

**II.    Standard of Review**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  Id.  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  Id.  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted).

**III.   Factual Background**

The Court draws the following factual allegations from the complaint, D. 1-1, and accepts them as true for the purpose of resolving the motion to dismiss.

Hines was employed as Director of Recreation Therapy for Ellis Rehab from November 2011 until her termination on October 7, 2021.  D. 1-1 ¶¶ 3, 14.  On August 12, 2021, Ellis Rehab announced that it was implementing a COVID-19 Vaccination Policy ("Vaccination Policy"), which required all employees to be vaccinated against COVID-19 by October 10, 2021.  Id. ¶ 5. The Vaccination Policy provided exemptions for medical and religious reasons.  Id. ¶ 6.  Hines submitted a request for a medical exemption around August 30, 2021, id. ¶ 7, and Ellis Rehab approved this request on September 2, 2021, provided that Hines follow certain accommodations. Id. ¶ 8.  As a condition of this exemption approval, Hines was required to be tested daily for

2

COVID-19 (twice on Thursdays), wear a mask and goggles while in the units and refrain from engaging in any personal care with the residents. Id. Hines resumed her work following these accommodations. Id. ¶ 9. On October 5, 2021, however, Ellis Rehab demanded that Hines receive the COVID-19 vaccine as a condition of her continued employment, citing guidance documents ("DPH Guidance") issued by the Massachusetts Department of Public Health ("DPH"). Id. ¶ 10.

As alleged, the DPH Guidance stated that "nursing homes are to ensure all personnel are fully vaccinated against COVID-19 by October 10, 2021, unless the employee has a medical exemption and 'the individual is able to perform the essential job functions with a reasonable accommodation that is not an undue burden on the nursing home.'"[1] Id. ¶ 11. The DPH Guidance also provides that "[a]s much as possible, staff who are not fully vaccinated should not work across units or floors," and a facility should "[l]imit staff who are not fully vaccinated to onsite work at only one facility, whenever possible." D. 11-2 at 2; D. 11-4 at 2. DPH may order an admissions freeze on any nursing home that has fewer than 75% of personnel vaccinated against COVID-19. D. 11-1 at 2; D. 11-3 at 3. Non-compliance with the DPH Guidance would also subject Ellis Rehab to other penalties, including a $50 fine for a failure to follow the reporting requirements by October 10, 2021 and a $50 per day penalty for each member of Ellis Rehab personnel who is not fully vaccinated against COVID-19. D. 11-3 at 2-3.

Hines maintains that she complied with the DPH Guidance, as she did have a medical exemption and was performing her duties with the reasonable accommodations proposed by Ellis Rehab. Id. ¶ 12. Despite this, on or about October 7, 2021, Hines was terminated "because [Ellis

---

[1] The Court incorporates by reference the DPH Guidance dated August 4, 2021 and September 24, 2021 because it is sufficiently referred to in the complaint and is central to Hines's claim. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). In the complaint, Hines references the DPH Guidance, D. 1-1 ¶¶ 10-11.

Rehab] denied her medical exemption." Id. ¶ 14. Hines also alleges that the decision to terminate her was retaliatory, in response to Hines' refusal to be vaccinated against COVID-19 and her refusal to work weekend shifts. Id. ¶¶ 19, 27.

## IV. Procedural History

Hines filed this action in Norfolk Superior Court, D. 1 ¶ 1. Ellis Rehab removed this action to this Court on April 24, 2023. D. 1. Ellis Rehab has now moved to dismiss. D. 9. The Court heard the parties on the pending motions and took this matter under advisement. D. 17.

## V. Discussion

### A. Claim for Disability Discrimination (Count I)

Hines alleges that Ellis Rehab discriminated against her because of her disability in violation of federal and state law.[2] To establish a *prima facie* case of disability discrimination under the ADA or Mass. Gen. L. c. 151B, Hines must plausibly allege that (1) she suffers from a disability or handicap, (2) she nevertheless could perform the essential functions of her job, with or without reasonable accommodation, and (3) Ellis Rehab took an adverse employment action against her because of her disability. Callbeck v. Fallon Cmty. Health Plan, Inc., 480 F. Supp. 3d 308, 316 (D. Mass. 2020).[3] An individual is disabled for purposes of the ADA and 151B if "he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment." Román-

---

[2] As confirmed by Hines's counsel during the motion hearing, Hines presses her federal discrimination claim on the basis of her disability (i.e., necessitating a medical exemption and not a religious one from the vaccine requirement) and thus the Court takes her federal discrimination claim to be asserted under the American with Disabilities Act ("ADA").

[3] "Because Chapter 151B 'tracks the ADA in virtually all respects,' the Court analyzes the state and federal law claims together." Callbeck, 480 F. Supp. 3d at 313 n.3 (citation omitted).

Oliveras v. Puerto Rico Elec. Power Auth., 655 F.3d 43, 48 (1st Cir. 2011) (citation omitted); Mass. Gen. L. c. 151B § 1 (17).

      1.     *Prima Facie Case*

The Court assumes for the purposes of this motion that Hines has plausibly pled a disability. Hines alleges that Ellis Rehab initially granted her a medical exemption, D. 1-1 ¶ 8, which, at a minimum, plausibly suggests that Ellis Rehab regarded her as having such an impairment as to constitute a disability and Ellis Rehab has not challenged this portion of Hines's *prima* facie case.

Hines also has pled plausibly that she could perform the essential functions of her job with a reasonable accommodation. Hines alleges that, after receiving accommodations from Ellis Rehab, she "continued her usual work performing her regular duties, other than transferring residents," and she wore a mask and goggles and was tested regularly as required by Ellis Rehab as a condition to her medical exemption. D. 1-1 ¶¶ 9, 12. Hines' ability to perform her duties, particularly across units, without the vaccine is at the crux of Ellis Rehab's factual dispute, but, at this stage, the Court must accept the facts as alleged. See García-Catalán, 734 F.3d at 103.

Finally, Hines has plausibly pled that Ellis Rehab took an adverse employment action against her, namely her termination, because of her disability. She alleges that she was terminated from her employment because she refused to take the COVID-19 vaccine despite having received a medical exemption from having to do so. Id. ¶¶ 12-14; see Valle-Arce v. P.R. Ports Auth., 651 F.3d 190, 198 (1st Cir. 2011). Accordingly, Hines has plausibly pled a *prima facie* case of disability discrimination for purposes of this motion.

      2.     *Undue Hardship*

Once Hines has plausibly alleged a *prima facie* case for discrimination, "[t]he burden then shifts to the employer to show that it offered a reasonable accommodation or, if it did not offer an

accommodation, that doing so would have resulted in undue hardship." Lowe v. Mills, 68 F.4th 706, 719 (1st Cir. 2023) (citation omitted); 42 U.S.C. § 12112(b)(5)(A); Mass. Gen. L. c. 151B, § 4 (16).  Hines argues that the undue hardship analysis is not appropriate at the motion to dismiss stage.  D. 12 at 4.  While typically the undue hardship defense is a factual analysis better suited for summary judgment, in certain circumstances, "dismissal on a Rule 12(b)(6) motion is nonetheless appropriate if 'the facts establishing the defense [are] clear on the face of the plaintiff[s'] pleadings' and 'there is "no doubt" that the plaintiff[s'] claim[s] [are] barred.'"  Lowe, 68 F. 4th at 719 (alterations in original) (citing Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019)).

Ellis Rehab contends that dismissal at this stage is warranted because of undue hardship in this case.  First, it argues that employers are not required to accommodate an employee when the requested accommodation would constitute a violation of law.  D. 10 at 4-5 (citing Lowe, 68 F. 4th at 719 and Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C., No. 22-CV-2929 (CS), 2023 WL 3467143 (S.D.N.Y. May 15, 2023)).  In Lowe, the First Circuit affirmed a dismissal of a religious discrimination claim on a Rule 12(b)(6) motion.  Lowe, 68 F. 4th at 709.  In that case, the court concluded that granting the religious exemptions sought by plaintiffs would have required employers to violate a state law and subjected employers to penalties under Maine's COVID-19 vaccination mandate, which provided for medical exemptions but not religious exemptions.  Id. at 720-22.  Similarly, the court in Dennison dismissed claims of religious discrimination where the religious exemptions sought by plaintiffs would have required employers to violate the state's vaccination mandate, which also only allowed for medical exemptions.  Dennison, 2023 WL 3467143, at *4-6.

The allegations in this case differ from Lowe or Dennison because here, the DPH Guidance does not entirely omit the category of exemption sought by Hines.[4] See, e.g., MacDonald v. Or. Health & Sci. Univ., No. 3:22-CV-01942-IM, 2023 WL 5529959, at *7 (D. Or. Aug. 28, 2023) (concluding that granting plaintiff's religious exemption would not necessarily have put Defendants out of compliance with Oregon law where the law permits a health employer to grant a religious exception). Given the allegations here, the Court cannot conclude that it is clear on the face of the pleadings that there is no doubt that Hines's claim would be barred on undue hardship grounds based upon the DPH guidance.

Ellis Rehab alternatively argues that the requested accommodation poses an increased safety and liability risk that amounts to undue hardship. D. 10 at 6. In support of this contention, Ellis Rehab cites Robinson v. Children's Hospital Boston, No. 14-10263-DJC, 2016 WL 1337255, at *10 (D. Mass. Apr. 5, 2016) where the Court held that granting plaintiff's request for an exemption of the flu vaccine constituted undue hardship for the employer because it would have increased safety risks for the hospital's vulnerable population. The Court, however, decided Robinson on a motion for summary judgment on a developed record. Id. at *1. Ellis Rehab also cites news and journal articles to show that nursing homes face increased safety risks when staff are unvaccinated. D. 10 at 6. On a Rule 12(b)(6) motion, however, the Court may not consider matters outside the pleadings without converting the motion to one for summary judgment. Freeman v. Town of Hudson, 714 F.3d 29, 35-36 (1st Cir. 2013); see MacDonald, 2023 WL

---

[4] While Ellis Rehab argues that the DPH Guidance did not allow unvaccinated staff to work across units or floors, the language in the DPH Guidance specifies that this should be the case "[a]s much as possible," which suggests that working across units or floors while unvaccinated is not entirely foreclosed. D. 11-2 at 2; D. 11-4 at 2. Further, it is not clear from the face of the pleadings whether Hines' role required her to work across units or floors, so at this stage, the Court cannot conclude that the DPH Guidance would not permit Hines' exemption.

7

5529959, at *7-8 (concluding that it could not conclude, at the motion to dismiss stage, that granting plaintiff an exemption to the COVID-19 vaccine would have increased safety risks so as to create an undue hardship for the employer).

Accordingly, the Court denies the motion to dismiss as to the disability discrimination claim.

### 3. Retaliation

Hines also alleges that Ellis Rehab retaliated against her because she refused to get the COVID vaccine, D. 1-1 ¶ 27, and she declined to work weekend shifts, id. ¶ 19. To evaluate a retaliation claim under federal or state law, the Court must apply the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Jones v. Walgreen Co., 679 F.3d 9, 20 (1st Cir. 2012). Under this framework, the burden falls initially to Hines to set forth a *prima facie* case of retaliation. Id. To make a *prima facie* showing of retaliation, Hines must allege that (1) she engaged in protected conduct, (2) she suffered an adverse employment action and (3) there was a causal connection between the protected conduct and the adverse employment action. Delgado Echevarria v. AstraZeneca Pharm. LP, 856 F.3d 119, 134 (1st Cir. 2017) (quoting Freadman v. Metro. Prop. & Cas. Ins. Co., 484 F.3d 91, 106 (1st Cir. 2007)); Finnegan v. CSX Transp., Inc, 368 F. Supp. 3d 263, 290 (D. Mass. 2019) (citation omitted). If Hines meets this burden, Ellis Rehab "must articulate a legitimate, non-retaliatory reason for its employment decision." Kelley v. Corr. Med. Servs., 707 F.3d 108, 115 (1st Cir. 2013) (quoting Calero-Cerezo v. U.S. Dep't of Just., 355 F.3d 6, 26 (1st Cir. 2004)). If Ellis Rehab meets this burden, Hines must then "show that the proffered legitimate reason is pretextual and that 'the job action was the result of the defendant's retaliatory animus.'" Id. (quoting Calero-Cerezo, 355 F.3d at 26).

The Court understands Hines to be raising a retaliation claim based on her refusal to work weekends, her refusal receive the COVID-19 vaccine, and her request for an accommodation. The Court analyzes each of these separately.

### a) Refusal to Work Weekend Shifts

The first element of the *prima facie* analysis asks whether Hines engaged in protected conduct. Protected conduct "refers to action taken to protest or oppose statutorily prohibited discrimination." Fartini v. Salem State Coll., 557 F.3d 22, 32 (1st Cir. 2009) (quoting Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2nd Cir. 2000)). A plaintiff "'need not establish that the conduct he opposed was in fact a violation of the [ADA],' only that he possessed a 'good faith, reasonable belief that the underlying employment practice was unlawful.'" Surprise v. Innovation Grp., Inc., 925 F. Supp. 2d 134, 141 (D. Mass. 2013) (alteration in original) (quoting Valentine v. Standard & Poor's, 50 F. Supp. 2d 262, 291 (S.D.N.Y. 1999)).

Hines' refusal to work weekends is not protected conduct. Hines does not allege that her refusal to work weekend shifts was an action that she took in protest of or in opposition to an unlawful employment practice under the ADA. See Linne v. Alameda Health Sys., No. 22-cv-04981-RS, 2023 WL 375687, at *3 (N.D. Cal. Jan. 24, 2023) (concluding that plaintiff had not alleged sufficient facts to show she engaged in a protected activity because she had "not described a situation concerning a disability under the ADA, much less shown an ADA violation"). Hines has not plausibly pled a reasonable belief that requiring her or other employees to work weekend shifts was unlawful under the ADA. Accordingly, Hines has not pled a *prima facie* claim of retaliation on this basis.

### b) Refusal to Receive COVID-19 Vaccine

Even assuming that Hines has plausibly alleged that her refusal to receive the COVID-19 vaccine constitutes protected conduct, cf. Lundstrom v. Contra Costa Health Servs., No. 22-cv-

9

06227-CRB, 2022 WL 17330842, at *6 n.7 (N.D. Cal. Nov. 29, 2022) (concluding that plaintiff failed to allege that her opposition to the COVID-19 policies was protected conduct because she had not alleged that the policies violated the ADA or that her unwillingness to abide by them was a request for an ADA remedy), aff'd, No. 22-16946, 2023 WL 6140588 (9th Cir. Sept. 20, 2023), she has not alleged that a causal connection exists between her refusal to receive the COVID-19 vaccine and the adverse action, her termination.  "[C]ausation is not plausibly alleged where the Defendant's COVID-19 Policy – 'which was undisputedly the grounds for [Plaintiff's] termination when [she] chose to remain unvaccinated – was enacted before [Plaintiff] spoke up in opposition to the vaccination requirement.'" Librandi v. Alexion Pharms., Inc., No. 3:22cv1126(MPS), 2023 WL 3993741, at *8 (D. Conn. June 14, 2023) (emphasis in original) (quoting Speaks v. Health Sys. Mgmt., Inc., No. 5:22-cv-00077-KDB-DCK, 2022 WL 3448649, at *6 (W.D.N.C. Aug. 17, 2022)).  Courts have held that ADA claims fail for lack of causal connection where the enacted vaccination policies, which specify the consequences of non-compliance in advance, predate any ADA-based opposition to the policy, including refusal to comply.  See Johnson v. Maximus Servs. LLC, No. 22-CV-2935 (AMD) (JRC), 2023 WL 5612826, at *4 (E.D.N.Y. Aug. 30, 2023) (dismissing the ADA retaliation claim for lack of a causal connection because the defendant merely enforced its vaccination policy, which it adopted before plaintiff voiced any opposition to it, so plaintiff was subjected to the adverse employment action for failing to comply with the policy, not for opposing it); Mishos v. McKesson Corp., No. 2:22-cv-01666, 2023 WL 5935804, at *7 (S.D. Ohio Sept. 12, 2023) (concluding that the adverse employment actions were caused by plaintiff's non-compliance with the company's COVID-19 policy, which predated the alleged protected activities, so plaintiff was not terminated for the alleged protected conduct but for her refusal to be vaccinated); see Cunningham v. Univ. of Hawaii, No. 22-cv-00504 HG-WRP, 2023 WL 1991783,

at *5 (D. Haw. Feb. 14, 2023) (concluding that Plaintiff failed to show causation because "Defendant enacted its COVID-19 policy, along with the punishments for noncompliance, before Plaintiff notified Defendant of his alleged ADA-based opposition to the policy," so "Plaintiff would have faced these punishments for his failure to comply with the policy even if he had never said anything about the ADA").

Ellis Rehab announced its Vaccination Policy on August 12, 2021, which required vaccination as a condition of employment. D. 1-1 ¶ 5. Hines does not allege that she was terminated for objecting to Ellis Rehab's Vaccination Policy nor that Ellis Rehab enacted the Vaccination Policy in response to any opposition from her. Instead, the pleadings allege that she was terminated for remaining non-compliant. Id. ¶¶ 10-14; see Johnson, 2023 WL 5612826, at *4; Mishos, 2023 WL 5935804, at *7; Cunningham, 2023 WL 1991783, at *5; Librandi, 2023 WL 3993741, at *8.

Accordingly, Hines has not pled a *prima facie* claim of retaliation on this basis.

          c)      <u>Request for an Accommodation</u>

Hines has plausibly alleged that she engaged in the protected conduct of requesting a medical accommodation. D. 1-1 ¶ 7; see Freadman, 484 F.3d at 106 (holding that requesting an accommodation is protected conduct for a retaliation claim). She has also alleged that she suffered an adverse action, specifically her termination. See Surprise, 925 F. Supp. 2d at 143.

Hines's allegation that the causal link is that Ellis Rehab terminated her because of her request for reasonable accommodation (i.e., an exemption from the vaccine), however, is merely repackaging her claim that it failed to provide reasonable accommodation, which does not amount to retaliation. See Incutto v. Newton Pub. Sch., No. 16-12385-LTS, 2019 WL 1490132, at *5 (D. Mass. Apr. 4, 2019) (holding that plaintiff could not "simply repackag[e] her failure to accommodate claim into a retaliation claim"); Rivera v. Altranais Home Care LLC, No. 3:19-CV-

11

30139-KAR, 2022 WL 161583, at *17 (D. Mass. Jan. 18, 2022) (concluding that plaintiff's claim that defendant retaliated against her for asserting her right to a reasonable accommodation by revoking a prior accommodation was simply an impermissible repackaging of her failure to accommodate claim); Casey v. United Parcel Serv., Inc., No. 21-cv-40133-ADB, 2022 WL 2834258, at *7 (D. Mass. July 20, 2022) (concluding that "[a]n employer's failure to accommodate . . . 'cannot constitute retaliation for an employee's request for accommodation'").

Accordingly, the Court allows the motion to dismiss as to the retaliation claim asserted in Count I, but denies it as to her disability claim in Count I, including Ellis Rehab's alleged failure to provide reasonable accommodation.

### B.  Federal and State Constitutional Claims (Counts II and III)

Hines alleges that Ellis Rehab's actions violated her equal protection and substantive and procedural due process rights guaranteed by the U.S. Constitution.  D. 1-1 at 4-7.  Hines also asserts a violation of her due process rights under the Massachusetts Declaration of Rights.  D. 1-1 at 5-6.

#### 1.  Federal Constitutional Claims

Ellis Rehab argues that Hines' federal constitutional claims fail because Ellis Rehab is a private corporation and not a state actor.  D. 10 at 9.  Although the complaint fails to indicate the authority under which Hines raises her federal constitutional claims, the Court will construe them as raised under 42 U.S.C. § 1983.  To state a viable § 1983 claim, Hines must demonstrate (1) that the conduct complained of transpired under the color of state law and (2) as a result, Hines suffered a deprivation of rights protected by the Constitution or the laws of the United States.  Klunder v. Brown Univ., 778 F.3d 24, 30 (1st Cir. 2015).  At issue here is whether Ellis Rehab acted "under color of state law," i.e., whether Ellis Rehab's conduct rises to the level of state action.  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."

Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005).

To assess whether a private party conducted itself as a state actor, the Court examines three, distinct inquiries. Estades-Negroni, 412 F.3d at 5; Malachowski v. Keene, 787 F.2d 704, 710 (1st Cir. 1986). First, under the state compulsion test, the Court addresses whether the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct] must in law be deemed to be that of the State." Estades-Negroni, 412 F.3d at 5 (alteration in original) (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)). Second, under the nexus test, a private party can be considered a state actor when the circumstances demonstrate that the state has "so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant" in the alleged wrongdoing. Rinsky v. Tr. of Bos. Univ., No. 10-CV-10779-NG, 2010 WL 5437289, at *4 (D. Mass. Dec. 27, 2010) (alteration in original) (quoting Estades-Negroni, 412 F.3d at 5). Third, the Court applies the public function test, in which "a private party is viewed as a state actor if the plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been 'traditionally the exclusive prerogative of the State.'" Estades–Negroni, 412 F.3d at 5 (quoting Blum, 457 U.S. at 1005).

Even accepting the allegations in the complaint as true and making all plausible inferences in Hines's favor, Ellis Rehab is not a state actor. Hines alleges that Ellis is a private company. D. 1-1 ¶ 2. Hines does not allege that Ellis Rehab was operating under the coercive power or influence of the state, that Ellis Rehab was in a position of interdependence or pervasive entwinement with a state actor, or that Ellis Rehab performed a public function within the exclusive domain of the state. See generally D. 1-1. Hines' federal constitutional claims must be dismissed for failure to

include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"[G]overnment regulation, even extensive regulation, and the receipt of federal funds, such as Medicare, Medicaid and Hill–Burton funds, are insufficient to establish that a hospital or other entity acted under color of state law." Rockwell v. Cape Cod Hosp., 26 F.3d 254, 258 (1st Cir. 1994) (citation omitted). Here, Hines's assertions that Ellis Rehab accepted federal funds from Medicare and Medicaid and was regulated by state and federal public health agencies, D. 12 at 6, 9, are not sufficient to convert it into a state actor. See Blum, 457 U.S. at 1004; Rendell-Baker v. Kohn, 457 U.S. 830, 840–43 (1982); Santiago, 655 F.3d at 72.

    2.  *State Constitutional Claim*

Ellis Rehab argues that the Court also should dismiss Hines' claims under the Massachusetts Declaration of Rights because the state constitution does not allow for a private right of action for damages for violation of these rights. D. 10 at 10. Hines does not respond to this argument in her opposition. D. 12 at 9–10. The Court agrees with Ellis Rehab that the Massachusetts Declaration of Rights provides no cause of action upon which Hines can sue.[5] See Doe v. Sex Offender Registry Bd., 94 Mass. App. Ct. 52, 64 (2018) (distinguishing direct constitutional claim for declaratory or injunctive relief from direct constitutional claim for damages that would instead have to be made under the MCRA); see Nesbitt v. Wellpath, No. 20-12126-FDS, 2022 WL 617514, at *6 (D. Mass. Mar. 2, 2022) (stating that the "Massachusetts

---

[5] "[A] cause of action can, in certain circumstances, be brought directly under the Massachusetts Declaration of Rights in the absence of a statutory vehicle for obtaining relief." Podgurski v. Dep't of Corr., No. 13-11751-DJC, 2014 WL 4772218, at *7 (D. Mass. Sept. 23, 2014) (quoting Parsons ex rel. Parsons v. Town of Tewksbury, No. 091595, 2010 WL 1544470, at *5 (Mass. Super. Jan. 19, 2010)). This is not one of those circumstances, as the Massachusetts Civil Rights Act ("MCRA") remains an avenue for relief. A claim under the MCRA, however would require a showing of a deprivation of constitutional rights by "threats, intimidation or coercion," Mass. Gen. L. c. 12 § 11H, which is not alleged here.

Declaration of Rights does not provide a private right of action" and "no Massachusetts appellate court has ever held that such a right exists—at least in suits for money damages").

For all of these reasons, the Court allows the motion to dismiss as to Counts II and III.

### C. Leave to File Second Amended Complaint

Hines seeks leave to file a second amended complaint. D. 12 at 11. Rule 15(a) "mandates that leave to amend is to be 'freely given when justice so requires' . . . unless the amendment 'would be futile, or reward, *inter alia*, undue or intended delay.'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Fed. R. Civ. P. 15(a)(2) and Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)). "[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." Bos. & Me. Corp. v. Town of Hampton, 987 F.2d 855, 868 (1st Cir. 1993), overruled on other grounds, Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61 (1st Cir. 2004) (citing cases).

In her request for leave to file a second amended complaint, Hines did not specify any additional facts or claims she would include in an amended complaint. At the motion hearing, Hines' counsel stated that, if allowed, the only thing he would amend is the factual background to include details about Hines' history of exemption from the flu vaccine and her medical condition of Guillain-Barre syndrome and Ellis Rehab's awareness of the same. It appears that such proposed amendments would be relevant only as to the disability discrimination claim, including the alleged failure to provide reasonable accommodation, under Count I, which the Court has allowed to go forward. The proposed amendments would, therefore, not change the Court's analysis, and amending the complaint to include these facts would be futile as to the other claims. Accordingly, the Court denies Hines' request for leave to file a second amended complaint.

**VI.     Conclusion**

For the foregoing reasons, the Court ALLOWS Ellis Rehab's motion to dismiss, D. 9, as to Counts II (the equal protection claim asserted under the U.S. Constitution) and III (due process claim asserted under both the U.S. Constitution and the Massachusetts Declaration of Rights). The Court further ALLOWS the motion to dismiss as to Count I only to the extent that it asserts a retaliation claim. The Court otherwise DENIES the motion as to Count I (disability discrimination including a failure to provide a reasonable accommodation).

**So Ordered.**

/s/ Denise J. Casper
United States District Judge